# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

**In the Matters of**

**BULK PETROLEUM CORPORATION,**            Case No. 09-21782-SVK-11
**et. al.,**

                                         Jointly Administered
                         **Debtors.**

## MOTION FOR CONTINUED INTERIM APPROVAL OF USE OF CASH COLLATERAL, WITH A REQUEST THAT APPROVAL BE MADE RETROACTIVE TO MAY 19, 2010

Bulk Petroleum Corporation and its related co-debtors (together, "Debtor") moves the Court to continue the Interim Approval of the use of cash collateral of Harris N.A., as assignee of the FDIC as the Receiver for Amcore Bank, N.A. ("Harris"), Bank of Sun Prairie ("Sun Prairie") and National City Bank ("National City") f/k/a St. Francis Bank, a Division of Mid America Bank (individually a "Lender" and collectively "Lenders"), pursuant to §363(c)(2)(B) and (3) and Rule 4001(b) and (d). A hearing is set for this matter is set for June 8, 2010 at 1:30 p.m. CST. The Debtor further requests that such authorization of the use of cash collateral be made retroactive to *May 19, 2010*.

In support of its continued motion, the Debtor states:

### *Jurisdiction*

1. On February 18, 2009, the Debtor and affiliated companies (collectively "Debtors") filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

1

2. The Court has jurisdiction over this matter pursuant to §§ 157 and 1334, and the order of reference filed in this District entered pursuant to §157(a).

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M) as a matter with respect to the administration of the Debtor's estates and the use of cash collateral.

*Factual Background*

4. Debtor is a retail and wholesale distributor of gasoline, diesel fuel, motor oils and lubricants. The affiliated Debtors are real estate holding companies which are improved with gasoline stations that are leased to Debtor.

5. The real estate owned by the affiliated Debtors and Debtor's customers is primarily located in the states of Illinois, Indiana, Kentucky, Michigan and Wisconsin. The Debtor's primary supplier is Marathon Petroleum Company.

6. Until confirmation of a plan, Debtor has a continued need to use cash collateral to operate.

7. Each Lender has a security interest in Debtor's accounts receivable, inventory and proceeds of those assets.

8. The Debtor's initial motion seeking authorization to use cash collateral has come before the Court on various occasions, including December 2, 2009, December 15, 2009, January 15, 2010, February 10, 2010, and February 19, 2010 for continued hearings. At all of these hearings, the Debtor requested an extension of the previous order and the order paying interim compensation to professionals with a provision to approve the final use of cash collateral.

9. The Court entered an order on March 3, 2010 memorializing a stipulation between the Debtor and the State Bank of Cross Plains ("Cross Plains"), which resolved Cross

Plains' objections to the use of cash collateral. (*See* Docket No. 1049.)

10. The March 3rd order also provided that the interim order for the use of cash collateral that was in effect before the February 19, 2010 hearing would be extended until May 19, 2010 on the same terms as stated in the previous orders as modified by the March 3rd order.

11. To continue business operations, the Debtor will need cash to pay employees, purchase raw materials, and pay other expenses necessary to operate after May 19, 2010. Based on this need and the immediate and irreparable harm that would occur with discontinued use of cash collateral, the Debtor intends to continue the use of cash collateral after May 19, 2010, and asks that the Court's order be made retroactive to May 19, 2010 unless a Lender objects prior to such use.

12. The Debtor submits that the use of cash collateral will be on the same terms as stated in the previous orders of the Court. The Debtor seeks authorization to use cash collateral until August 17, 2010.

WHEREFORE, Debtor requests approval of the continued interim use of cash collateral on the terms stated in this motion and on the same terms as stated in the previous orders of the Court, and any other relief as is just.

Dated: May 17, 2010.

/s/ *Justin M. Mertz*
Jerome R. Kerkman
Justin M. Mertz
Kerkman & Dunn

Attorneys for Bulk Petroleum Corporation

P.O. Address:

757 N. Broadway, Suite 300
Milwaukee, WI 53202-3612
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: jkerkman@kerkmandunn.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

**In the Matters of**

**BULK PETROLEUM CORPORATION,**            Case No. 09-21782-SVK -11
**et al.,**[1]                                                                         Jointly Administered

            **Debtors.**

## NOTICE OF DEBTORS' MOTION FOR CONTINUED INTERIM APPROVAL OF THE USE OF CASH COLLATERAL, WITH A REQUEST THAT APPROVAL BE MADE RETROACTIVE TO MAY 19, 2010

To:     Interested Parties

**PLEASE TAKE NOTICE,** that Bulk Petroleum Corporation and its related co-debtors, (together, the "Debtors"), filed a motion pursuant to §363(c)(2)(B) and (3) and Fed. R. Bankr. P. 4001(b) and (d), seeking continued Interim Approval of the Use of Cash Collateral of certain secured lenders. The motion further requests that such authorization be applied retroactively to May 19, 2010. A copy of the motion accompanies this notice.

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an**

---

[1] The Debtors are Bulk Petroleum Corporation, Bulk Petroleum Indiana Properties, LLC, Bulk Petroleum Kentucky Properties, LLC, Charanjeet Illinois Stations No. 6, Inc., Charanjeet's Wisconsin Properties One, LLC, Darshan's Wisconsin Stations Eight, LLC, Gurpal Wisconsin Stations, LLC, Interstate Petroleum Products, Inc., Rakhra Wisconsin E-Z Go Stations Three, Inc., Sartaj's Illinois Nine, LLC, Darshan's Michigan Stations One, Inc., Dhaliwal's Michigan Bulk Stations Two, Inc., Rakhra Michigan E-Z Go Stations Three, Inc., Darshan's Illinois Properties Four, Inc., Dhaliwal Illinois Properties Five, Inc., Jaspal's Illinois Seven, LLC, Sukhi's Illinois Eight, LLC, Darshan's Indiana Stations One, Inc., Dhaliwal's Indiana Bulk Stations Two, Inc., Rakhra Indiana E-Z Go Stations Three, Inc., Darshan's Kansas Stations One, Inc., Darshan's Missouri Stations One, Inc., Darshan's Iowa Stations One, Inc., Dhaliwal Iowa Bulk Stations Two, Inc., Rakhra Iowa E-Z Go Stations Three, Inc., Darshan's Iowa Properties Four, LLC, Dhaliwal Iowa Properties Five, LLC, Darshan's Wisconsin Properties Four, Inc.

Jerome R. Kerkman
Justin M. Mertz
Kerkman & Dunn
757 North Broadway, Suite 300
Milwaukee, WI 53202-3612
Phone: 414. 277.8200
Facsimile: 414.277.0100
Email: jkerkman@kerkmandunn.com

**attorney, you may wish to consult one.)**

The hearing to consider the motion will be held at **1:30 pm on June 8, 2010** at:

>United States Courthouse and Federal Building
>517 E. Wisconsin Ave., Room 167
>Milwaukee, WI 53202
>Judge: Hon. Susan V. Kelley
>U.S. Bankruptcy Judge

If you do not want the Court to approve the motion, or if you would like the Court to consider your views on it, then you or your attorney must object no later than **June 7, 2010** by filing a copy of your objection with the Bankruptcy Clerk of Courts whose address is below and serve a copy to the Debtors' attorney.

>Bankruptcy Clerk of Courts
>United States Courthouse and Federal Building
>517 E. Wisconsin Ave.
>Milwaukee, WI 53202

If you mail your Response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date and time stated above.  Please note that the Court may approve the Debtors' motion without a hearing if no objections are filed related to the motion. **You or your attorney must also appear at the hearing**. Telephonic appearances may be arranged only upon prior approval from the Court.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the motion and may enter an order approving it without further notice or a hearing.

Dated: May 17, 2010.

>/s/ Justin M. Mertz
>Justin M. Mertz
>
>Kerkman & Dunn
>General and Special Counsel for the Debtors

2

P.O. Address:

757 N. Broadway, Suite 300
Milwaukee, WI 53202-3612
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: jkerkman@kerkmandunn.com

3

## *Certificate of Service*

The undersigned certifies that on May 17, 2010 he filed the preceding pleadings (i) via the Court's ECF electronic filing system, and upon belief, the same were served on interested parties in the above-captioned case and (ii) to the Bulk Petroleum Notice List as established in the Court's Order Establishing Notice Procedures as Docket No. 271.

Dated: May 17, 2010

*/s/ Justin M. Mertz*

Justin M. Mertz
Kerkman & Dunn

Attorneys for the Debtors